NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO T.C.

No. 1 CA-JV 23-0010
FILED 8-17-2023

---

Appeal from the Superior Court in Mohave County
No. S8015JD202100044
The Honorable Aaron Michael Demke, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Michael & Casey, Your AZ Lawyer, Phoenix
By Robert I. Casey
*Counsel for Appellant Mother*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge D. Steven Williams and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

¶1         Annalisa H. (Mother) appeals from an order terminating her parental rights to T.C., arguing the superior court failed to make necessary findings of fact and that the Department of Child Safety (DCS) did not provide appropriate reunification services. Because Mother has shown no error, the order is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2         Mother has a long history of using illegal substances, including methamphetamine since she was 14 years old. She admitted she cannot get through the week without using drugs. In March 2020, Mother gave birth to her first methamphetamine-exposed child, who she gave up for adoption.

¶3         Mother admitted using methamphetamine for most of her pregnancy with T.C. When born in September 2021, T.C. tested positive for methamphetamine. Although Mother resides in Arizona, T.C. was born in St. George, Utah, because it was the closest hospital to Mother's home.[1] In October 2021, DCS removed T.C. from Mother's care and filed a petition alleging the child was dependent because of Mother's history of substance abuse, domestic violence and mental illness.[2] In January 2022, the court found T.C. dependent because, among other reasons, Mother's ongoing substance abuse posed a risk to T.C. The court adopted a family reunification case plan.

¶4         DCS offered Mother numerous reunification services, including substance abuse assessment, testing, education and treatment, behavioral-health assessment and treatment, and transportation. DCS also repeatedly encouraged Mother to participate in inpatient drug treatment. Mother made minimal efforts to work on her drug addiction during the first nine months of the dependency. Mother refused to consider inpatient treatment and generally did not follow treatment recommendations. During this time, Mother admitted she was still using methamphetamine and continued to test positive for methamphetamine each time she tested.

---

[1] Although involved initially, Utah deferred proceedings as to Mother and T.C. to Arizona, and the Arizona superior court concluded Arizona is the appropriate forum, a ruling not challenged on appeal.

[2] T.C.'s father is not a party to this appeal.

**¶5**        Given Mother's lack of participation and progress, in May 2022, the court granted DCS' motion to change the case plan to severance and adoption. In June 2022, DCS moved to terminate Mother's parental rights alleging chronic substance abuse and six-months time-in-care. *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(3) & (8)(b) (2023).[3] After DCS filed its motion, Mother enrolled in a substance abuse class. However, Mother continued to test positive for methamphetamine and declined inpatient care, even after becoming pregnant with her third child.

**¶6**        In November 2022, the court held a termination adjudication. The DCS caseworker testified about Mother's substance abuse, DCS' reunification services, Mother's lack of progress towards sobriety and Mother repeatedly testing positive for methamphetamine**.** The caseworker testified about T.C.'s current placement and why termination of Mother's parental rights was in T.C.'s best interests, including that T.C. would be at risk of severe neglect or worse if returned to Mother's care. DCS offered various exhibits supporting the caseworker's testimony, which the court received without objection. Mother also testified, explaining she loves T.C. and is trying to work on her sobriety but it is hard.

**¶7**        At the close of the evidence, the court granted DCS' petition to terminate on both the substance abuse and time-in-care grounds. For the substance abuse ground, the court found Mother "has not maintained any period of sobriety" and had tested positive for methamphetamine throughout this case. The court also found Mother made "very few efforts" to maintain her sobriety, that Mother's substance abuse is an "ongoing issue," and that ongoing use is "likely." For the time-in-care ground, the court found T.C. has been in DCS' care for more than six months, DCS made diligent efforts to provide appropriate reunification services and Mother has "substantially neglected and/or willfully refused to remedy the circumstances that caused [her] child to be in an out-of-home placement." Finally, the court found termination was in T.C.'s best interests "by a preponderance of the evidence or even greater." The court later issued an order, making corresponding findings of fact and conclusions of law. Mother timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A) and 12-2101(A), and Ariz. R.P. Juv. Ct. 601–03.

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

**¶8**        As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8-533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh evidence and assess witness credibility," this court will accept the superior court's factual findings as long as they are supported by reasonable evidence and will affirm its legal conclusions unless clearly erroneous. *Brionna J. v. Dep't of Child Safety*, CV-22-0158-PR, 2023 WL 5024023, at *5 ¶¶ 29–31 (Ariz. Aug. 8, 2023) (citations omitted). This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2 (App. 2008).

## I.        The Superior Court Made Sufficient Findings of Fact.

**¶9**        Mother claims the superior court's findings failed to "include all the facts necessary to resolve the disputed issues." Mother acknowledges the court found she had a history of substance abuse and there was reason to believe the substance abuse would continue for a prolonged and indeterminate period of time. Mother also acknowledges the court found T.C. had been in DCS' care for six months, DCS had made diligent reunification efforts and Mother had "substantially neglected or willfully refused to remedy the circumstances" that led to T.C. being removed from her care. Nevertheless, Mother argues the court's ruling provided "very little support for its termination" and "failed to provide sufficient specificity." Although DCS urges waiver, Mother's argument fails on the merits.

**¶10**        By rule, the court had to "make specific findings of fact in support of the termination." Ariz. R.P. Juv. Ct. 353(h)(2)(A). The order must contain "at least one sufficiently specific finding to support each of the court's conclusions of law." *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 537 ¶ 15 (App. 2018). While the "ultimate facts" necessary to resolve the disputed issues are to be included, the court is not required to list every fact it relied on in making its findings. *Id.; see also Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 451–52 ¶ 19 (App. 2007) (requiring courts to state every fact it relied on imposes an undue burden). In this case, the superior court's findings are not verbose, but Mother has shown no error.

**¶11**      The substance abuse ground required DCS to prove Mother "is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." A.R.S. § 8-533(B)(3). The court found Mother had a long history of abusing methamphetamine, T.C. was born exposed to methamphetamine and Mother previously had a child who was methamphetamine exposed. The court also found DCS made reasonable efforts to provide Mother with rehabilitative services (listing seventeen services offered to Mother in its order) but Mother "has only minimally participated in these services and has not made any behavioral changes sufficient to enable her to safely parent this child." The trial evidence supports the court's written findings. Because the termination order contained sufficient findings of the ultimate facts necessary for the substance abuse ground, Mother has not shown the court erred.

**¶12**      The time-in-care ground required DCS to prove T.C. was under three years old and had been cared for in an out-of-home placement for six months or longer pursuant to a court order (showings that are not disputed), that DCS had made a diligent effort to provide appropriate reunification services and that Mother "has substantially neglected or wilfully refused to remedy the circumstances that cause the child to be in an out-of-home placement, including refusal to participate in reunification services offered by the department." A.R.S. § 8-533(B)(8)(b). In its termination order, the court found T.C. was under three years old, was in an out-of-home placement for more than six months pursuant to court order and that despite DCS' diligent efforts to provide reunification services (which the court listed), Mother had substantially neglected or willfully refused to remedy the circumstances by not participating in DCS' reunification services. The court found that Mother "only minimally engaged in the services provided to remedy the circumstances and [] fails to recognize the need to make behavioral changes to safely parent the child." The trial evidence supports the court's written findings of these ultimate facts. Again, Mother has shown no error.

## II.    Mother Has Not Shown the Superior Court Erred in Finding DCS Provided Appropriate Reunification Services.

**¶13**      Mother argues DCS "did not provide appropriate reunification services" to justify the termination of her parental rights. Mother's sole argument is it was difficult for her to participate in the drug testing service because the closest facility (in St. George, Utah) was about an hour away from where she lived. Mother claims that participating in this

service required her to "move mountains to engage in it" and thus was "not a service that [had] a reasonable prospect of success."

¶14  Mother is correct that the closest testing facility was about an hour from where she lives. However, DCS offered Mother transportation to and from the testing facility. Mother rarely used DCS' transportation, and when she did test, she routinely tested positive for methamphetamine. On this record, Mother has not shown the superior court abused its discretion in finding DCS "made diligent effort[s] to provide appropriate reunification services." *See also Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994) (explaining parent's refusal to participate in agency's services does not foreclose termination of her parental rights).

¶15  Moreover, Mother failed to raise the adequacy of services with the superior court. Mother's only testimony during the hearing about the drug testing service was that she had difficulty enrolling, not that it was too far away. Accordingly, by failing to properly challenge the adequacy of services in superior court, Mother waived the right to press such an argument for the first time on appeal. *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179 ¶ 18 (App. 2014); *see also Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 349–50 ¶ 19 (App. 2013) (explaining parent waives challenge to the adequacy of reunification services when not argued during hearing). Mother has shown no error in addressing the adequacy of services.

## CONCLUSION

¶16  The termination order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA